UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MARTIN CARRASCO DOMINGUEZ<br><br>　　　　Plaintiff,<br>　v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MERRICK GARLAND, U.S. Attorney General;<br><br>　　　　Defendants. | Case No.: 3:23-cv-206 |

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT**

1.　Plaintiff Martin Carrasco Dominguez respectfully submits this complaint to compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's I-485 Application for Adjustment of Status; I-212 Application for Permission to Reapply for Admission, and I-601 Application for Waiver of Grounds of Inadmissibility without further delay.

2.　Plaintiff properly filed an application for adjustment of status including a family petition with Defendant U.S. Citizenship and Immigration Services ("USCIS") on August 31, 2020. On February 16, 2021, Plaintiff properly filed Form I-601, Application for Waiver of Grounds of Inadmissibility. On June 17, 2021, Plaintiff properly filed Form I-212 Application for Permission to Reapply for Admission. Plaintiff's applications remains within the jurisdiction of Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of Plaintiff.

**JURISDICTION AND VENUE**

1

3. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that the district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against a federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

5. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiff' unreasonably delayed applications, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

6. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application.").

7. Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007)

("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

8. Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The regulations regarding Form I-212 state that "[a]n applicant who has submitted a request for consent to reapply for admission after deportation or removal *must* be notified of the decision. If the application is denied, the applicant *must* be notified of the reasons for the denial and of his or her right to appeal as provided in part 103 of this chapter." 8 C.F.R. §1212.2(h) (emphasis added). The regulations for the I-601 waiver state, "If the application is approved the director *shall* complete Form I–607 for inclusion in the alien's file and shall notify the alien of the decision. If the application is denied the applicant *shall* be notified of the decision, of the reasons therefor, and of the right to appeal in accordance with part 103 of this chapter." 8 C.F.R. § 1212.7(a)(3)(emphasis added).

9. The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications pending before them. *See Matter of Sealed Case,* 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First*

*Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

10. As set forth below, the delay in processing Plaintiff's properly filed applications is unreasonable.

11.   Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391(e)(1)(C).  Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. No exhaustion requirement applies to Plaintiff's complaint for a Writ of Mandamus. Plaintiff is owed a duty – the adjudication of the properly filed immigration applications, which have been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the adjustment application for 33 months. Plaintiff has no other adequate remedy available for the harm they seek to redress – the failure of USCIS to process their applications in a timely manner.

## PARTIES

13. Plaintiff Martin Carrasco Dominguez is a citizen of Mexico and the immediate relative spouse of a U.S. citizen. He is the father of five U.S. citizen children. Plaintiff is an applicant for adjustment of status to become a lawful permanent resident of the United States.

14. Defendant Alejandro Mayorkas, is the Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens.  He is sued in his official capacity only.

15. Defendant Ur Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS and as such is charged with the administration and enforcement of

the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a).  She is sued in her official capacity only.

16. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and deciding benefit applications including applications for adjustment of status such as Plaintiff'.

17. Defendant Merrick Garland is the Attorney General of the United States.  He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for adjustment of status.  He is sued in his official capacity only.

18. Defendants are in charge of the processing and adjudication of applications and related background checks for adjustment of status to lawful permanent resident. They are sued in their official capacity only.

## LEGAL FRAMEWORK

<u>Administrative Procedure Act ("APA"):</u>

19. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1).

<u>Adjustment of Status:</u>

20. Spouses of U.S. citizens are considered immediate relatives under the INA and are not subject to numerical limitations on visa issuance. 8 U.S.C. § 1151(b). U.S. citizens and lawful permanent residents can petition for their foreign national spouses using Form I-130.

Foreign nationals who meet the requirement of 8 U.S.C. § 1255(a) or (i) may apply to have their status adjusted to that of a lawful permanent resident by concurrently filing a Form I-130 family petition with a Form I-485 application for adjustment of status.

21. The process requires a background check conducted by the FBI. Applicants submit their fingerprints at designated offices of Defendant USCIS.

<u>I-212 Application for Permission to Reapply for Admission</u>:

22. A foreign national who has been deported or removed from the United States is inadmissible for a period of time. If they seek to enter the United States prior to completion of the requisite absence, they must apply for permission to reapply for admission to the United States using Form I-212. 8 C.F.R. §1212.2(a).

23. An applicant for adjustment of status within the U.S. must request permission to reapply in conjunction with their application for adjustment. This is done by filing Form I-212 with the district director having jurisdiction over the place where the foreign national resides. 8 C.F.R. §1212.2(e).

<u>I-601 Application for Waiver of Grounds of Inadmissibility</u>:

24. Some grounds of inadmissibility can be waived using Form I-601. See INA § 212(h) and INA § 212(a)(9)(B)(v).

25. An applicant for adjustment of status who is excludable and seeks a waiver under section 212(h) or (i) of the Act shall file an application on Form I–601 with the director or immigration judge considering the application for adjustment of status. 8 C.F.R. § 1212.7(a)(ii).

## **FACTUAL AND PROCEDURAL BACKGROUND**

26. Plaintiff was removed from the U.S. May of 2010. He was then paroled back into the U.S. in July of 2010 under public interest parole.

27. Plaintiff married his U.S. citizen spouse, on February 13, 2015. The marriage was entered into good faith and Plaintiff and his wife continue to live together as spouses. The couple has five U.S. citizen children.

28. On or about August 31, 2020, Plaintiff's U.S. citizen wife filed Form I-130, Petition for Alien Relative on behalf of Plaintiff. This petition has been approved. Plaintiff concurrently filed Form I-485 Application to Adjust Status with the Form I-130. Exhibit 1. This application remains pending.

29. On or about February 16, 2021, Plaintiff filed Form I-601, Application for Waiver of Grounds of Inadmissibility. Exhibit 2. This application remains pending.

30. On or about June 17, 2021, Plaintiff filed Form I-212 Application for Permission to Reapply for Admission. Exhibit 3. This application remains pending.

31. Plaintiff's application for adjustment of status was delayed for over two years before it was scheduled for interview at the El Paso Field Office on November 22, 2022. Exhibit 3.

32. Plaintiff attended his interview. Plaintiff was interviewed regarding all three pending applications. Six months have passed since the interview, and almost three years have passed since filing the initial application, and Plaintiff had yet to receive a decision.

33. Despite various inquiries, Plaintiff has still not received a decision on his long-pending applications.

34. Plaintiff has suffered prejudice from the unreasonable delay in adjudicating the adjustment of status application and Forms I-601 and I-212 as he has not been able to obtain

Lawful Permanent Resident status in the United States and the family's life and future remains on hold.

## CAUSES OF ACTION

### COUNT ONE

### DECLARATORY JUDGMENT

35. The allegations contained in paragraphs 1 through 34 above are repeated and re-alleged as though fully set forth herein.

36. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

37. Defendants in this case have failed to reach a decision on Plaintiff' applications. This failure to act is against the law, has caused, and continues to cause harm to Plaintiff. Therefore issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

### COUNT TWO

### VIOLATION OF 5 U.S.C. §§ 702, 704,706 (APA CLAIMS)

38. The allegations contained in paragraphs 1 through 34 above are repeated and re-alleged as though fully set forth herein.

39. Plaintiff has suffered a "legal wrong" or have been "adversely affected or aggrieved" by agency action. 5 U.S.C. & 702. Plaintiff is aggrieved by agency action for which there is no other adequate remedy in court. 5 U.S.C. § 704.

40. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2). The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

41. The allegations contained in paragraphs 1 through 34 above are repeated and re-alleged as though fully set forth herein.

42. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to the Plaintiff. Defendants have failed to properly adjudicate Plaintiff's application for adjustment of status and Forms I-601 and I-212.

43. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meet all three of these criteria.

44. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment, including submission of all necessary forms, waivers, and supporting documents.

45. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application to adjust status for almost 3 years, thereby depriving the Plaintiff of their rights under

8 U.S.C. § 1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

46. The Defendants owe the Plaintiff a duty to adjudicate the long pending applications, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of their pending applications and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

47. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited almost 3 years for adjudication of the pending applications. This is an unacceptable and unreasonable delay.

48. The Plaintiff is entitled to action on the long-pending applications, because an unreasonable amount of time has passed since the application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

49. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the adjustment of status application and Forms I-601 and I-212 is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate the pending applications.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 23rd day of May 2023

/s/ Olsi Vrapi.

Olsi Vrapi
Attorney for Plaintiff
NM Bar: 27117
Vrapi Weeks

5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
olsi@noblevrapi.com